Jack THACKER

v.

Colonel Tom WHITEHEAD.

Civ. No. 3–75–376.

United States District Court,
E. D. Tennessee N. D.

Jan. 23, 1976.

Roger O. Hooban, Knoxville, Tenn., for plaintiff.

Beauchamp Brogan, Gen. Counsel, University of Tenn., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is a civil rights action based on 42 U.S.C. §§ 1983, 1985, 1986 and 28 U.S.C. § 1343 against Colonel Tom Whitehead in his capacity as Director of Safety and Security at the University of Tennessee at Knoxville. Before the Court is the motion to dismiss of the defendant in which he contends that the Court lacks subject-matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted. Defendant has moved in the alternative for summa-ry judgment and has submitted in support thereof the affidavit of Jack E. Reese, Chancellor of the University of Tennessee at Knoxville, and the report of a University panel appointed by Chancellor Reese to consider the matter complained of in this action.

Plaintiff is an employee of the security force at the University of Tennessee. He seeks compensatory and punitive damages on the ground that his civil rights were violated when he was discharged from the position of sergeant on the University security patrol and reinstated as a patrolman. The crux of plaintiff's claim is that he was not afforded due process of law during the course of the disciplinary procedures. We disagree and hold that summary judgment must be entered in defendant's favor for the following reasons, each of which, in itself, is a sufficient basis for denying relief: (1) the merits of plaintiff's discharge are not subject to judicial review, and (2) the procedures followed in disciplining plaintiff exceeded the requirements of the due process clause of the Fourteenth Amendment.

The facts, as established by the pleadings and the affidavit of Chancellor Reese, may be summarized as follows. In the fall of 1974, an investigation was conducted by The University of Tennessee regarding allegations that plaintiff and certain other security officers had made an unauthorized entry into the University's personnel office to examine pay scale material. Following the results of an investigation by a three-member panel and the University's legal office, defendant advised plaintiff that his employment with the University would be terminated effective January 2, 1975, for the following reasons: "Unauthorized examination of University pay scale material." (Affidavit of Reese at 2). Plaintiff was then a sergeant. He was advised however that: "Due to your length of service and prior record, you will be reinstated in the position of Class A police officer." (Id.)

Plaintiff was also advised of his right to file a grievance protesting such disci-

plinary action against him. Plaintiff then filed a grievance protesting his reduction from sergeant to patrolman in accordance with the grievance procedure then in effect at the University. Having been unable to resolve his grievance at Step 2 of the grievance procedure with his department head, defendant Whitehead, plaintiff appealed to a grievance committee composed of four people (Step 3 of the grievance procedure).

The grievance committee conducted a hearing, at which plaintiff testified and was given full opportunity to present any evidence and testimony he deemed necessary. After the hearing, the committee filed a report and notified plaintiff as follows:

> "The grievance committee unanimously agree [sic] that disciplinary action imposed in this instance by your department head was correct." (Exhibit F, page 1; Affidavit of Reese).

The committee, however, recommended that plaintiff suffer no loss of pay as a result of the action against him.

Thereafter, plaintiff appealed the action of the grievance committee to Chancellor Reese (Step 4 of the grievance procedure), who appointed a three-member advisory committee to again review plaintiff's complaint and report its findings to him. The advisory committee itself interviewed plaintiff and others, and reported its findings, without any recommendation, to Chancellor Reese.

Chancellor Reese, after reviewing the entire record concerning plaintiff's grievance, modified plaintiff's punishment by ordering him reinstated to the rank of sergeant without back pay, effective April 1, 1975. It was Chancellor Reese's opinion that although defendant's action toward plaintiff was proper, a loss of pay as a sergeant for the three-month period involved—January 2, 1975 to April 1, 1975—"was sufficient discipline for the nature of the offense committed

by plaintiff." (Affidavit of Reese, at 4). Plaintiff's only monetary loss was thus the difference between the pay of a sergeant and police officer for three months, or $181.52.

Plaintiff could have appealed Chancellor Reese's decision restoring him to the rank of sergeant without back pay to the President of the University, and, if necessary, the Board of Trustees, but he did not do so. He accepted Chancellor Reese's decision and was reinstated as a sergeant on April 1, 1975. For this reason, defendant contends that plaintiff failed to exhaust his administrative remedies and the Court lacks subject matter jurisdiction.

█ It is well settled that when a plaintiff fails to exhaust his administrative remedies, the Court is without jurisdiction to consider his claim. *See, e. g. Robinson v. Dow,* 522 F.2d 855 (6th Cir. 1975); *Dill v. Greyhound Corp.,* 435 F.2d 231 (6th Cir. 1970), *cert. den.* 402 U.S. 952, 91 S.Ct. 1622, 29 L.Ed.2d 122 (1971). The University of Tennessee by-laws provide that:

> "Officers, Faculty and Staff Members, students, employees, alumni and all others who feel that they may have a grievance against the University shall have the right of appeal through the appropriate Chancellor and the President to the Board of Trustees." (Affidavit of Reese, Ex. K).

█ The complaint, however, could be construed as a specific attack on the grievance procedure followed by the University. Under these circumstances, plaintiff would not be required to exhaust his administrative remedies before bringing an action based on 42 U.S.C. § 1983. *E. g., Hayes v. Board of Regents,* 495 F.2d 1326 (6th Cir. 1974).

█ The additional grounds raised by defendant, however, require that the motion for summary judgment be sustained.[1] It is well settled in this Circuit

---

1. It should also be noted that plaintiff's claim under 42 U.S.C. §§ 1985, and 1986 are not actionable since no conspiracy is alleged. Section 1985 applies only when *"two or more persons conspire"* to deprive persons of constitutionally protected rights or privileges, and Section 1986 applies only to persons having knowledge of and failing to act appropriately

that the merits of the termination of government employees are not judicially reviewable, and that the Court's function in this type of action is limited to determining whether applicable procedures are substantially complied with in effecting such termination. As stated in *Baum v. Zuckert,* 342 F.2d 145 (6th Cir. 1965), and *Fass v. Reugg,* 379 F.2d 216 (6th Cir. 1967):

"The judicial function is to determine whether there has been substantial compliance with applicable procedures and statutes, and not to review the administrative determination as to the wisdom or good judgment of the agency in exercising its discretion. The courts will not examine into the merits of the dismissal [379 F.2d at 218; 342 F.2d at 147]."

*See also Chatman v. Norris,* 401 F.Supp. 943 (E.D.Tenn.1975) and cases cited therein. Here, Chancellor Reese's affidavit shows clearly that the grievance procedure then in effect at the University was followed with respect to plaintiff's grievance. Moreover, it appears that the University took greater procedural precautions than were required by the grievance procedure.

■ Finally, it cannot be said, by any stretch of the imagination, that plaintiff was denied due process of law. Assuming, without deciding, that plaintiff has alleged a deprivation of liberty[2] and property,[3] it is abundantly clear that he was afforded notice and a meaningful opportunity to be heard both before *and* after he was removed from the position

of sergeant. First, an investigation was made of the allegations against plaintiff by the General Counsel's office and by an impartial panel which held a hearing before any disciplinary action was taken against plaintiff. Plaintiff was notified in advance of this hearing and was requested to appear before the panel and present any information he desired. (Exhibit A, Affidavit of Reese). Second, after disciplinary action was taken and plaintiff appealed to the grievance committee, it held another hearing, at which time plaintiff again appeared and offered evidence. Finally, after plaintiff appealed to Chancellor Reese, he appointed another three-member panel which again listened to plaintiff.

Chancellor Reese then, after a full consideration of all the evidence, modified plaintiff's punishment by ordering him reinstated as a sergeant. The grievance system which plaintiff availed himself of thus worked to plaintiff's favor even though he was not exonerated of the charges against him.

Under these circumstances, we cannot understand how plaintiff can seriously allege that he was deprived of due process of law. He should be grateful that the University was magnanimous and did not fire him for what appears to have been a serious breach of duty.

For the foregoing reasons, it is ordered that defendant's motion for summary judgment be, and the same hereby is, granted.

Order accordingly.

with regard to "any of the wrongs conspired to be done, and mentioned in section 1985." (emphasis added).

2. The complaint alleges that plaintiff's reputation suffered as a result of the charges brought against him. If this were the case, all that he would have been entitled to was an "opportunity to clear his name." *Arnett v. Kennedy,* 416 U.S. 134, 157, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

3. There are no allegations in the complaint suggesting that plaintiff enjoyed a state right to continued employment as a sergeant. Even if it could be said that he had a right not to be disciplined without "cause," he could not attack the constitutionality of the grievance procedure. *See Arnett v. Kennedy,* 416 U.S. at 152–53, 94 S.Ct. 1633.