**Jack THACKER, Plaintiff-Appellant,**

v.

**Tom WHITEHEAD, Defendant-Appellee.**

No. 76–1492.

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 11, 1977.

Decided Jan. 20, 1977.

Willis Jackson, Jr., Knoxville, Tenn., for plaintiff-appellant.

Ronald C. Leadbetter, Beauchamp E. Brogan, Knoxville, Tenn., for defendant-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

The plaintiff-appellant, an employee in the Security force at the University of Tennessee, was demoted from the rank of Sergeant to patrolman on disciplinary grounds. Three months later he was reinstated to his former rank. Seeking to invoke the Civil Rights statutes, 42 U.S.C. §§ 1983, 1985 and 1986, he sued the Director of Safety and Security of the University, seeking $400,000 in compensatory and punitive damages. District Judge Robert L. Taylor granted summary judgment in favor of the defendant. *Thacker v. Whitehead*, 407 F.Supp. 1111 (D.C.Tenn.1976). Reference is made to the reported decision of Judge Taylor for a recitation of pertinent facts.

The case has been assigned to a panel pursuant to Sixth Circuit Rule 3(e).[1]

On appeal, plaintiff asserts that the District Court committed reversible error in granting summary judgment in less than 10 days after the filing of the motion for summary judgment. Rule 56(c), Federal Rules of Civil Procedure, provides that as to summary judgments, "The motion shall be

---

1. (e) *Docket Control.* In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 7(e), 8 or 9 or any other rule of this court.

served at least 10 days before the time fixed for the hearing." The 10-day period is intended to give the opposing party the opportunity to prepare responsive pleadings and counter affidavits.

 It is not reversible error, however, for a District Court to grant summary judgment before the expiration of the 10-day period, if no prejudice can be demonstrated by the unsuccessful party. *Oppenheimer v. Morton Hotel Corporation*, 324 F.2d 766, 768 (6th Cir. 1963).

The motion for summary judgment was filed January 19, 1976, supported by the complete administrative record compiled by the University of Tennessee. Oral argument was heard three days later, and the opinion of the District Court was filed the fourth day. Appellee contends that the 10-day period was waived. Plaintiff's counsel participated in the oral argument. The plaintiff did not request additional time to file counter affidavits, or intimate to the District Court that additional time was needed. The 10-day argument now asserted on appeal was not made at oral argument in the District Court. Plaintiff does not aver that he filed any motion in the District Court to vacate the summary judgment on grounds of insufficient time to respond or that he ever asserted in the District Court that he was prejudiced in any way by the failure of the District Court to delay the hearing for 10 days. His brief in this Court does not mention any counter affidavits that could or would have been submitted by him had additional time been allowed, but complains in general terms that "such period of time was wholly insufficient for the plaintiff to gather evidence to answer a motion of such a serious nature" and that "the District Court failed to allow the requisite time for him to gather evidence in support of his position and to counter the position of the defendant."

 We conclude that the District Court did not commit reversible error in granting summary judgment and that it is manifest that the questions on which the decision of this appeal depends are so unsubstantial as not to need further argument. Sixth Circuit Rule 8.

 We further are of the view that the appeal and complaint could be dismissed for lack of jurisdiction. There is no diversity of citizenship, both plaintiff and defendant being citizens of Tennessee. This is not an appropriate case for jurisdiction under the Civil Rights statutes. Compare *Ohio Inns v. Nye*, 542 F.2d 673 (6th Cir. 1976). If plaintiff had a cause of action against defendant, he should have filed it in a Tennessee State Court, rather than trying to make a federal case under the guise of a civil rights action.

Affirmed.