**John E. HOOPES, Plaintiff-Appellant,**

v.

**EQUIFAX, INC., d/b/a Retail Credit Company, Defendant-Appellee.**

No. 78–3195.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 3, 1979.

Decided Nov. 28, 1979.

Robert E. Cesner, Jr., Tudor, Cloud & Cesner, Scott R. Mote, Columbus, Ohio, for plaintiff-appellant.

Edward F. Whipps, George, Greek, King, McMahon & McConnaughy, Columbus, Ohio, for defendant-appellee.

Before WEICK and KEITH, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

HARRY PHILLIPS, Senior Circuit Judge.

The district court granted the defendant-employer's oral motion for summary judgment and dismissed all except one count of appellant's complaint. The ruling granting the motion followed a conference between the parties on the day of trial, after the jury had been impaneled but before any testimony had been taken. The principal question presented on this appeal is whether the district court committed reversible error in granting summary judgment without giving the ten days notice required by Fed.R.Civ.P. 56.

We affirm.

Appellant worked as an employee of defendant for more than 19 years, making credit investigations and reports. Throughout this time he was a heavy smoker. In August 1974 he was hospitalized with emphysema. He rejected the recommendation of his superiors that he avail himself of a long term disability retirement.

Thereafter appellant's employment relationship deteriorated markedly. He was placed on probation for failing to meet his production quota, and, when his production did not improve, was discharged in 1975. He sued for $250,000 in compensatory damages and $750,000 in punitive damages.

The one count not disposed of in the district court's summary judgment was to the effect that plaintiff suffered personal injury because of his employer's intentional infliction of emotional distress. At the close of appellant's case, the district court directed a verdict for the employer on this count. Appellant did not appeal from the directed verdict.

Only two of the dismissed counts of the complaint are before the court on this appeal: (1) that appellant is qualified as a handicapped individual under the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and is entitled to challenge his dismissal because he was a third party beneficiary under a contract between his employer and the United States Government; and (2) that appellant is entitled to recover compensatory and punitive damages because the quota system maintained by defendant is against public policy.

In a comprehensive memorandum opinion, District Judge Joseph P. Kinneary set forth his reasons for granting summary judgment. We agree with the district court that no issues of material fact are involved in either of the two foregoing counts.

█ Even if appellant is a handicapped person under the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 793, that statute provides for an administrative remedy through the Department of Labor and does not authorize a private cause of action in the courts. *Anderson v. Erie Lackawanna Railway Co.*, 468 F.Supp. 934 (N.D.Ohio 1979).

█ As for the contention that the quota system of appellant's employer is against public policy, it is undisputed that the only contract between the parties was an oral agreement that appellant would perform certain duties and receive specified compensation. The district·court correctly held that the contract had no provision as to duration and was terminable at the will of either party.

The district court further found that the employer had abided by all contractual obligations with respect to vested rights acquired by appellant.

█ Finally, we hold that, under the facts and circumstances of this case, the district court did not commit reversible error in granting summary judgment. Fed.R. Civ.P. 56 provides for ten days notice of a motion for summary judgment. This court has held that a district court must comply with the ten days requirement before granting summary judgment sua sponte. *Kistner v. Califano*, 579 F.2d 1004 (6th Cir.

136

1978); *Bowdidge v. Lehman,* 252 F.2d 366 (6th Cir. 1958). However, it is not reversible error for a district court to grant summary judgment before expiration of the ten days period if the non-moving party can demonstrate no prejudice. *Management Investors, et al. v. UMW,* 610 F.2d 384 (6th Cir., 1979); *Township of Benton v. County of Berrien,* 570 F.2d 114, 119 (6th Cir. 1978); *Thacker v. Whitehead,* 548 F.2d 634, 636 (6th Cir. 1977); *Oppenheimer v. Morton Hotel Corp.,* 324 F.2d 766, 768 (6th Cir. 1963).

In the present case the motion was granted on the day of the beginning of the trial, following an earlier pretrial conference. Before granting the oral motion, the district judge questioned appellant's counsel in detail and afforded him ample opportunity to show that genuine issues of material fact existed with respect to the disputed counts of the complaint. To have given ten days notice would have required a continuance of the trial subsequent to jury selection. Appellant has not demonstrated that he could have produced any additional evidence on the disputed counts if ten days notice had been given, nor that he was prejudiced in any way by the action of the court in granting summary judgment.

Affirmed. No costs are taxed. Each party will bear his own costs in this appeal.