835 F.2d 878
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stephen M. FRANCIA, Plaintiff-Appellant,
v.
BOARD OF EDUCATION OF LEWIS COUNTY, KENTUCKY, and James W.
Clark, Superintendent of Schools for Lewis County,
Defendants-Appellees.
 No. 87-5005.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1987.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stephen M. Francia appeals the decision of the district court granting summary judgment sua sponte to the Lewis County Board of Education, and its Superintendent, James W. Clark, on his procedural due process claim under the Fourteenth Amendment based on a mid-year termination by the Board from his teaching job as a Junior Reserve Officer Training Corps (JROTC) Instructor. Francia argues on appeal that the issuance of summary judgment sua sponte was an abuse of discretion by the district court, and that his employment contract with the Board created a "property interest" protected by the Fourteenth Amendment, which was taken away without an hearing. In addition, Francia argues that Wilson v. Garcia, 105 S.Ct. 1938 (1985) requires the use of the state personal injury limitations period (one year) for Sec. 1983 actions. Thus, he says the district court erred in applying a thirty-day limitations statute applicable to claims brought under the Kentucky Teacher's Tenure Act. We find the issuance of summary judgment sua sponte without notice to be improper, and reverse for further proceedings. Thus, we need not reach the other issues presented on appeal.
 
 
 2
 * Francia retired from the United States Army in 1981. In July 1983, he received a teacher's certificate for JROTC Instruction, and is a duly certified "teacher," as defined in the Kentucky Teacher's Tenure Act, K.R.S. 161.720-.810. Having previously qualified as an Instructor of JROTC from the United States Army, Francia signed a one-year contract with the Board to teach JROTC. According to the contract between the Board and the Army, the Army reserved the right "to withdraw approval of any retired personnel employed by the school...."
 
 
 3
 During his first year as a JROTC Instructor, Francia received unfavorable evaluations from the Army, which periodically reviewed his performance and paid half his salary (the other half was paid by the Board). On August 12, 1985, after completing his first year, Francia signed another one-year contract with the Board to teach JROTC. According to the Army, Francia continued his substandard performance of his duties as an Instructor of JROTC in his second year. About mid-way into his second year of teaching JROTC, in a letter dated January 16, 1986, the Army disqualified Francia from teaching JROTC.
 
 
 4
 According to the Board and Clark, the Army's disqualification letter obligated them to remove Francia from his position as Instructor of JROTC. In a signed letter dated January 28, 1986, Clark terminated Francia from his employment as an "Instructor of JROTC." On February 10, 1986, the Board approved Clark's earlier decision to terminate Francia. Subsequent to its approval of the termination, the Board neither gave Francia a hearing on his termination, nor an opportunity to challenge its decision.
 
 
 5
 On July 15, 1986, Francia filed suit against the Board and Clark in district court under 42 U.S.C. Sec. 1983, alleging that they, acting under color of state law, violated his rights guaranteed by the Fourteenth Amendment by terminating him in the middle of the one-year contract, without affording him constitutionally required procedural due process. Francia sought declaratory relief, reinstatement and damages of $50,000 with reimbursement for all costs and expenses.
 
 
 6
 On September 2, 1986, the Board and Clark filed a motion to dismiss pursuant to Rule 12(b)(6) based on lack of "state action" as to the Superintendent, the applicability of "sovereign immunity" to the Board and its Superintendent, and the time-barring by state law of state claims appended to the federal claims. Francia responded timely to this motion to dismiss, and during its pendency, Francia's own deposition dated November 6, 1986 was taken by the Board, and submitted to the district court.
 
 
 7
 On December 2, 1986, the district court issued summary judgment sua sponte in favor of the Board and Clark, without notice to either party and without a motion for summary judgment from either party. Francia maintains that the district court abused its discretion in first, issuing summary judgment sua sponte, and second, in not providing him with any prior notice of its intention to issue a sua sponte summary judgment.
 
 II
 
 8
 Federal Rule of Civil Procedure 12(b) clearly states that "[i]f, [on a Rule 12(b)(6) motion], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." Since Francia's own deposition testimony was presented to and considered by the district court, the district court had the responsibility under the above rule to consider the Rule 12(b)(6) motion as one for summary judgment under Rule 56.
 
 
 9
 However, before summary judgment may be issued sua sponte, the district court must give the litigants ten days written notice of its intention to do so. Fed.R.Civ.P. 56. Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir.1984); Harrington v. Vandalia-Butler Board of Education, 649 F.2d 434, 436 (6th Cir.1981). Only where no prejudice could have occurred to the nonmoving party has this Circuit upheld summary judgment sua sponte without the required ten days written notice. Thacker v. Whitehead, 548 F.2d 634 (6th Cir.1977). Where no material issue of fact could have existed in the litigation, this Circuit has held that no prejudice could have occurred to the nonmoving party, despite the sua sponte nature of the summary judgment. Hoopes v. Equifax, 611 F.2d 134 (6th Cir.1979); Township of Benton v. County of Berrien, 570 F.2d 114 (6th Cir.1978).
 
 
 10
 In this case, it is not clear that there was no prejudice to the nonmoving party. For example, there might be a material issue of fact as to whether the Board had the responsibility under the one-year contract to reassign Francia to duties other than JROTC in the event that Francia could no longer continue to teach JROTC. The contract Francia signed with the Board states that his services are to be "such as are required by the Kentucky Revised Statutes, by the lawful rules and regulations of the State Board of Education, and the lawful rules and regulations of the Board." The contract does not otherwise specify any designation or limitation of the courses to be taught. On the other hand, Francia was certified by the state only as an instructor of JROTC. It is thus not inconceivable that there could be a genuine issue of material fact based on the wording or interpretation of the contract, and thus prejudice could have occurred to Francia as a result of sua sponte summary judgment.
 
 
 11
 In our judgment, the district court abused its discretion in not providing Francia with ten days written notice which would have given him an opportunity to present additional evidence or argument bearing on this possibility. By this holding we do not indicate any opinion as to the ultimate question of whether a genuine issue of material fact does in fact exist, and the district court is wholly free to rule on that question once the requisites of Federal Rules of Civil Procedure 12(b) and 56 are complied with.
 
 
 12
 Accordingly, we REVERSE and REMAND this case for further proceedings not inconsistent with this opinion.