14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Sharon Lee HELLER, Plaintiff-Appellant,
v.
Gene VALLELONGA, Defendant-Appellee.
 No. 92-4072.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1993.
 
 Before: KENNEDY, MILBURN, and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Sharon Lee Heller appeals the District Court's sua sponte dismissal of her claims under Title VII of the Civil Rights Act of 1964 (the "Act"), 42 U.S.C. Sec. 2000e et seq., section 1983, 42 U.S.C. Sec. 1983, and Ohio state law against defendant Gene Vallelonga.[1] Plaintiff had also sued the Ohio Department of Transportation ("ODOT"), her employer, and a William C. Harris, a fellow ODOT employee, on the same claims. The District Court granted ODOT's and Harris' respective motions to dismiss and their joint motion for summary judgment. Plaintiff does not appeal the District Court's disposition of these claims, therefore, ODOT and Harris are no longer parties to this appeal. As the sua sponte dismissal of plaintiff's claims against Vallelonga prejudiced plaintiff, we reverse.
 
 I. Background
 A. Plaintiff's Claims
 
 2
 Plaintiff, a black employee of ODOT, who worked as a "highway worker," filed a complaint against ODOT, Harris and Vallelonga alleging claims of racial discrimination, gender discrimination and retaliation. Plaintiff charged that she was being subjected to continual harassment, which the state took no action to end. Specifically, plaintiff alleged that Harris had physically assaulted her and subjected her to racial slurs; that Vallelonga, a highway supervisor, refused to allow her to use the bathroom even though plaintiff informed him she had a "female hygiene problem," while at the same time allowing white female employees to use the bathroom for the same problem; and that Vallelonga ordered her to lift one-hundred pound sandbags when she returned to work following an injury when white employees were allowed to perform light duties following an injury.
 
 B. District Court Proceedings
 1. ODOT
 
 3
 The District Court held that plaintiff's section 1983 claim against ODOT was barred by the Eleventh Amendment. As for plaintiff's Title VII claim, the court found that the claim surrounding the restroom incident was time barred under 42 U.S.C. Sec. 2000e-5(f)(1).
 
 
 4
 Plaintiff filed three charges of discrimination with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC") that are pertinent to this case. Plaintiff filed Charge No. 22A-90-6465 regarding the restroom incident on May 4, 1989; Charge No. 22A-90-6168 regarding the sandbag incident; and Charge No. 22A-90-6847 regarding an incident that is not alleged in the complaint in the case at bar. Plaintiff attached two right-to-sue letters to her complaint, however, these letters concern only the sandbag incident and the incident that is not alleged in the complaint. Plaintiff received a right-to-sue letter for the restroom incident on October 4, 1989, but did not file the complaint in this case until July 19, 1991, well beyond the ninety-day requirement of 42 U.S.C. Sec. 2000e-5(f)(1). See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Peete v. American Standard Graphic, 885 F.2d 331 (6th Cir.1989). The court thus concluded that plaintiff was precluded from relying on the restroom incident to support her Title VII claim.
 
 
 5
 The District Court then held that plaintiff had failed to state a prima facie case of racial discrimination against ODOT regarding the sandbag incident. Thus, the court concluded that the Title VII claim against ODOT should be dismissed. As plaintiff then lacked a substantial federal claim against ODOT, the court dismissed the pendent state claims without prejudice.
 
 2. Harris
 
 6
 The District Court dismissed the Title VII claim against Harris on the grounds that he is not an employer within the meaning of the Act. The court dismissed the section 1983 claim on statute of limitations grounds. As with ODOT, the court then dismissed the pendent state claims against Harris without prejudice for lack of a substantial federal claim.
 
 3. Vallelonga
 
 7
 After ODOT and Harris were dismissed, the case proceeded against Vallelonga and was set for a jury trial on September 8, 1992. On the morning of trial, prior to voir dire, the court inquired of counsel for plaintiff and defendant Vallelonga what issues remained for trial. Vallelonga had not filed a motion to dismiss or for summary judgment.
 
 
 8
 Initially, the court disposed of the Title VII claim against Vallelonga because he is not an employer under the Act. Next, the court asked plaintiff's counsel to state plaintiff's claim under section 1983 because it could not see how plaintiff had been deprived of any constitutional right in relation to the sandbag incident, which, for the reasons stated above, was the only eligible claim under section 1983. Plaintiff's counsel argued that plaintiff had been denied equal treatment because while plaintiff was forced to lift heavy bags, "[e]veryone else is ... allowed to do [light work such as] sweeping and painting for at least a week period of time [sic] or so" after returning to work after an injury.
 
 
 9
 In response, defense counsel pointed to the following admissions by plaintiff, already before the court, that refute her contention that she was denied equal treatment: (1) Vallelonga did not threaten to cite plaintiff with insubordination if she did not comply; (2) lifting sandbags and cement bags was part of her job; (3) Vallelonga was unaware of her medical restrictions; and (4) a white male worker, also back from medical leave, helped move sandbags on the same day. Defense counsel then requested "that all matters be dismissed by [the] court at this time."
 
 
 10
 After a recess, upon its own motion, the court dismissed the section 1983 claim for the following reasons:
 
 
 11
 1. While plaintiff complained that other injured employees were granted at least a week of light duty, plaintiff had been working a full two weeks after her return before the incident took place.
 
 
 12
 2. Plaintiff never told Vallelonga about her medical condition.
 
 
 13
 3. Plaintiff did not object to Vallelonga's request.
 
 
 14
 4. Vallelonga did not threaten to cite plaintiff with insubordination if she did not pick up the sandbag.
 
 
 15
 5. Lifting bags is a part of plaintiff's job.
 
 
 16
 Subsequently, the court ordered the remaining pendent state claims dismissed without prejudice. Finally, the court ordered that the cost of jury service for the day be split between plaintiff and defendant because the matter could have been resolved earlier with the proper use of pleadings and conferences with the court. Plaintiff timely appealed.
 
 II.
 
 17
 The Supreme Court has recognized that "district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Before a district court may enter summary judgment on its own motion, it must comply with the ten-day notice requirement of Federal Rule of Civil Procedure 56[2] so that the party against whom summary judgment is entered has had an adequate opportunity to respond to the issues to be considered by the court. Harrington v. Vandalia-Butler Bd. of Educ., 649 F.2d 434, 436 (6th Cir.1981); Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir.1989). A district court's failure to comply with the ten-day notice requirement is subject to harmless error analysis. Harrington, 649 F.2d at 436. Harmless error exists where the party against whom summary judgment is entered has suffered no prejudice as a result of the district court's non-compliance. Id.; see also Routman, 873 F.2d at 971 (quoting Kistner v. Califano, 579 F.2d 1004, 1005 (6th Cir.1978) (per curiam)).
 
 
 18
 [W]hen the non-moving party has had an opportunity to address the court concerning a motion and fails to object to an expedited decision thereon, or when the legal issue has already been fully briefed and no factual dispute exists, that party has not been prejudiced by the court's noncompliance with Rule 56(c).
 
 
 19
 Harrington, 649 F.2d at 436 (citing Hoopes v. Equifax, Inc., 611 F.2d 134 (6th Cir.1979); Township of Benton v. County of Berrien, 570 F.2d 114 (6th Cir.1978); Thacker v. Whitehead, 548 F.2d 634 (6th Cir.1977).
 
 
 20
 On appeal, plaintiff has made a showing that she was prejudiced by the court's sua sponte action. The motion did occur on the day of trial, when one can assume plaintiff was prepared to go forward with her section 1983 claim. At oral argument, however, plaintiff's counsel stated that had he not been surprised by the court's sua sponte action, he would have pointed out that there is a factual dispute regarding whether Vallelonga must have known plaintiff was on light duty when he instructed her to help move the sandbags by virtue of the light duties she was performing at the time he gave the instruction. Plaintiff had been unable to obtain Vallelonga's deposition testimony despite serious efforts to do so. She noticed his deposition but he refused to testify when he appeared. Plaintiff's motion to compel his testimony was denied. We believe that plaintiff should have the opportunity to present the evidence that she has on this issue; the court's action denied her this opportunity.
 
 III.
 
 21
 Accordingly, the District Court's judgment granting summary judgment to defendant Vallelonga is REVERSED and this case is REMANDED to the District Court.
 
 
 
 [1]
 Mr. Vallelonga did not file a brief in this appeal and did not appear at oral argument
 
 
 [2]
 Rule 56(c) provides that "[t]he motion shall be served at least 10 days before the time fixed for the hearing."