*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

File Name: 16b0008n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

———————————

In re:  RICHARD T. BRUNSMAN, JR.,

                                   *Debtor*.

_____

RICHARD D. NELSON,

                            *Plaintiff-Appellee*,

     *v*.

FIFTH THIRD BANK (15-8014); CONRAD CAPITAL
COMPANY and JOSEPH C. CONRAD (15-8015),

                            *Defendants-Appellants*.

Nos. 15-8014/8015

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio at Cincinnati.
No. 10-11371—Burton Perlman, Bankruptcy Judge.

Decided and Filed:  June 1, 2016

Before:  HARRISON, OPPERMAN, and WISE, Bankruptcy Appellate Panel Judges.

———————————

## COUNSEL

———————————

**ON BRIEF:**  Alan J. Statman, William B. Fecher, STATMAN, HARRIS & EYRICH, LLC, Cincinnati, Ohio, for Appellant in 15-8014.  Eileen K. Field, ELIEEN FIELD LAW OFFICES, LLC, Hamilton, Ohio, for Appellants in 15-8015.  Richard D. Nelson, Donald W. Mallory, COHEN, TOOD, KITE & STANFORD, LLC, Cincinnati, Ohio, for Appellee.

———————————

## OPINION

———————————

MARIAN F. HARRISON, Bankruptcy Appellate Panel Judge.  Fifth Third Bank ("Fifth Third") and Conrad Capital Company and Joseph C. Conrad (collectively "Conrad") have

appealed the bankruptcy court's *sua sponte* granting of summary judgment to Richard D. Nelson, Chapter 7 Trustee ("Trustee"), and the denial of their motions for summary judgment.

## I.  STATEMENT OF ISSUES

1.  Whether the bankruptcy court's *sua sponte* granting of summary judgment to the Trustee deprived the defendants of a full and fair opportunity to respond.

2.  Whether the bankruptcy court erred by granting summary judgment to the Trustee.

3.  Whether the bankruptcy court erred by denying Conrad's motion for summary judgment.

4.  Whether the bankruptcy court erred by denying Fifth Third's cross-motion for summary judgment against Conrad.

## II.  JURISDICTION

The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1).  A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1).  For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations and internal quotations omitted).  An order granting summary judgment constitutes a final order. *Menninger v. Accredited Home Lenders* (*In re Morgeson*), 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007) (citation omitted).  Moreover, the entry of an order granting summary judgment in favor of one party renders the denial of summary judgment to the opposing party final as well. *Rogan v. Fifth Third Mortg. Co.* (*In re Rowe*), 452 B.R. 591, 593 (B.A.P. 6th Cir. 2011) (citation omitted).

## III.  STANDARD OF REVIEW

The bankruptcy court's procedural decision to grant summary judgment *sua sponte* is reviewed for an abuse of discretion.  *See Emp'rs Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 105 (6th Cir. 1995).  The substantive merits of the bankruptcy court's decision to grant (and deny) summary judgment is reviewed *de novo*.  *Med. Mut. of Ohio v. K. Amalia*

*Enters., Inc.*, 548 F.3d 383, 389 (6th Cir. 2008) (citation omitted). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *In re Morgeson*, 371 B.R. at 800 (citation omitted).

## IV. PROCEDURAL BACKGROUND

Richard T. Brunsman, Jr. ("Brunsman") filed a Chapter 11 petition on March 5, 2010. On March 12, 2010, Harmony Park, LLC ("Harmony") filed a Chapter 11 petition. On March 19, 2010, RBDB Investments, LLC ("RBDB") filed a Chapter 11 petition. On April 13, 2010, the bankruptcy court entered an order providing for the joint administration of these three cases. The three cases were converted to Chapter 7 on April 16, 2010, and the Trustee was appointed. Once appointed, the Trustee filed voluntary petitions for several other related debtors. All cases were substantively consolidated with the exception of Harmony and RBDB.

On November 22, 2011, the bankruptcy court approved the Trustee's request to sell certain aircraft and related equipment by public auction, and on January 20, 2012, the Trustee filed a report that the estate received and was holding the net amount of $373,425.06 from the auction. On March 3, 2012, the Trustee commenced this adversary proceeding to avoid and preserve unperfected security interests in the aircraft and equipment and for a determination of rights in relation to same pursuant to a declaratory judgment against the defendants. Thereafter, the bankruptcy court approved a partial settlement, and the Trustee filed an amended complaint against Conrad and Fifth Third only. The amended complaint sought to avoid Conrad's and Fifth Third's interest in the aircraft, avoid Conrad's post-petition transfer, recover avoided transfers from Fifth Third and Conrad, and disallow Conrad's and Fifth Third's claims against the estate. The amended complaint also sought a declaratory judgment that neither Fifth Third nor Conrad have a security interest in the aircraft.

On June 13, 2013, Conrad filed a motion for summary judgment. On July 24, 2013, the Trustee filed an objection to the motion. That same date, Fifth Third filed an objection to Conrad's motion and filed a cross-motion for summary judgment against Conrad. Conrad filed a reply to both on August 6, 2013.

On March 30, 2015, the bankruptcy court entered a decision finding that the motions for summary judgment filed by Conrad and Fifth Third should be denied and that summary judgment should be awarded to the Trustee.[1]

## V.  FACTS

This dispute revolves around the ownership and the validity, enforceability, and priority of security interests in the following aircraft: Cessna N65772, Cessna N95637, BAE Jetstream N723CA, Piper N2163F, Cessna N98561, Cessna N2859E, and Piper N31649 ("the aircraft").

### A.  Conrad's Interest

Conrad asserts that it has a perfected security interest in the aircraft that takes priority over Fifth Third and the Trustee based on the following facts.  Conrad sold its "Membership Interest" in Con Air Charter, LLC ("Con Air") to Empower Aviation, LLC ("Empower") on October 18, 2007, as part of a Unit Purchase Agreement.  That same date, Pro Aero, Inc. ("Pro Aero"), which appears to be wholly owned by Conrad, sold certain assets to Empower.  The assets being sold included "the aircraft set forth and generally described on Schedule 1(a). . . ." (Conrad's Motion for Summary Judgment, Exh. B, at 1, Adv. Case ECF No. 47).  However, Schedule 1(a) is not attached to the Asset Purchase Agreement between Pro Aero and Empower.  Also on October 18, 2007, Empower entered into a Subordinated Secured Promissory Note in the amount of $300,000 and a security agreement with Conrad.  Again, there is no list of the collateral being pledged.  Conrad filed its security agreement with the Federal Aviation Administration ("FAA") on July 31, 2009.  Conrad submits that it filed the bill of sale forms on October 19, 2007, however, the forms incorrectly listed Con Air as the owner.  These forms are not in the designated record.  Attached to Conrad's motion for summary judgment are warranty bill of sale forms, dated October 18, 2007, from Pro Aero to Empower for five of the aircraft. There is no indication that these forms were ever filed with the FAA.  According to the Aircraft Title Reports, dated April 6, 2010, Con Air was the record owner of five of the aircraft and Empower was the record owner of two of the aircraft, with Con Air being the previous owner.

---

[1]Although the bankruptcy court's decision indicates that the Trustee filed a motion for summary judgment, no such motion was filed.

According to Conrad, Empower realized that the bill of sale forms incorrectly showed Con Air as the owner of the aircraft, and on March 10, 2010, the aircraft were transferred from Con Air to Empower, which Conrad states was the original intent of the parties.

> With regard to Conrad's motion for summary judgment, the bankruptcy court stated:

> Conrad argues that it has a properly perfected security interest in the aircraft and that its interest has priority over any interest in the aircraft held by Fifth Third. The October 18, 2007, unit purchase Agreement merely had Empower acquiring a 100% ownership interest in Con-Air from Conrad. The asset purchase agreement, dated October 18, 2007, only provided that Empower acquired from Pro Aero, Inc., amongst other things, "the aircraft set forth and generally described on Schedule 1(a)." Schedule 1(a) which describes what aircraft were sold to Empower is not attached as an exhibit to Conrad's motion for summary judgment or to any other filing before the Court. Additionally, while Conrad submitted to the Court warranty bills of sale dated October 18, 2007, that show the sale of five of the seven aircraft from Pro Aero Inc. to Empower pursuant to the asset purchase agreement, there is no evidence that the warranty bills of sale were ever submitted to or filed with the FAA. Accordingly, Conrad has not met its burden in showing that there is no issue of material fact as to its valid interest in the aircraft.

(Decision, at 8-9, March 30, 2015, Adv. Case ECF No. 57) (citations to the record omitted).

### B.  Fifth Third's Interest

Fifth Third argues that it is entitled to summary judgment against Conrad because Fifth Third recorded its security agreement with the FAA prior to Conrad. On October 18, 2007, Con Air executed and delivered to Fifth Third two promissory notes in the amount of $1,188,360 and $99,553, respectively. To secure repayment of the notes, Con Air executed and delivered to Fifth Third a security agreement in the aircraft (with the exception of the Piper N2163F). Fifth Third filed its security agreement with the FAA on October 19, 2007, and refiled it on November 15, 2007.

On November 24, 2008, Con Air executed and delivered to Fifth Third another promissory note in the amount of $70,000 and an amendment to the security agreement which extended Fifth Third's security interest in the aircraft to include the Piper N2163F, which the FAA records show Con Air acquired on June 23, 2008. Fifth Third filed the amendment to the security agreement with the FAA on November 26, 2008.

The argument made by Conrad and the Trustee is that Con Air did not own the aircraft, therefore, Con Air could not have granted a security interest in the aircraft to Fifth Third.

To show that Con Air was the owner of the aircraft and that Fifth Third's security interest in the aircraft had priority over any interest Conrad held, Fifth Third relied on the Aircraft Title Reports, dated April 6, 2010, from a search of FAA records. These Title Reports indicate the following:

| AIRCRAFT | RECORD OWNER | PREVIOUS OWNER | SECURITY LIEN[2] |
|---|---|---|---|
| Cessna N65772 | Empower Bill of Sale 1/20/10, Recorded 3/22/10 | Con Air Registered 11/8/07 | Fifth Third Recorded 11/20/07 |
| Cessna N95637 | Empower Bill of Sale 1/20/10, Recorded 3/22/10 | Con Air Registered 11/8/07 | Fifth Third Recorded 11/20/07 |
| BAE Jetstream N723CA | Con Air Bill of Sale 9/29/05, Recorded 12/1/05 | Con Air Registered 9/16/05 | Fifth Third Recorded 11/20/07 |
| Piper N2163F | Con Air Bill of Sale 6/23/08, Recorded 9/15/08 | FIT Aviation, LLC Registered 12/12/01 | Fifth Third Recorded 11/20/07 Amendment Recorded 12/2/08 |
| Cessna N98561 | Con Air Bill of Sale 10/19/07, Recorded 11/8/07 | Pro Aero. Registered 2/15/90 | Fifth Third Recorded 11/20/07 |
| Cessna N2859E | Con Air Bill of Sale 10/19/07, Recorded 11/8/07 | Pro Aero Registered 5/20/03 | Fifth Third Recorded 11/20/07 |
| Piper N31649 | Con Air Bill of Sale 10/19/07, Recorded 11/8/07 | Pro Aero Registered 3/26/93 | Fifth Third Recorded 11/20/07 |

---

**2**Some of the aircraft have other security liens that were recorded but none of those creditors are parties to this adversary.

Regarding Fifth Third's cross-motion for summary judgment, the bankruptcy court stated:

> Fifth Third also asserts that based on the documents before the Court that Fifth Third does have a perfected security interest in the aircraft and that this interest is superior to Conrad's. Though Fifth Third has shown documentation filed with the FAA sufficient to grant it a security interest in the aircraft on October 19, 2007 or November 17, 2007, Fifth Third has not shown that Con-Air had an interest in the Aircraft on October 18, 2007, when it entered into the security agreement with Con-Air.

(Decision, at 9, March 30, 2015, Adv. Case ECF No. 57) (citations to the record omitted).

## C. Trustee's Position

The Trustee filed an objection to Conrad's motion for summary judgment, but he did not file his own motion seeking summary judgment. In granting summary judgment to the Trustee, the bankruptcy court made the following findings:

> While both Conrad and Fifth Third have failed to establish the validity of their claims in their motions for summary judgment, the Trustee is entitled to succeed on his motion for summary judgment. He does so because there is no question that the estate owns the aircraft and the lien claimants do not have valid claims. Accordingly, the Trustee is entitled to judgment on his motion for summary judgment.

(Decision, at 9-10, March 30, 2015, Adv. Case ECF No. 57).

## VI. DISCUSSION

### A. The *Sua Sponte* Nature of the Bankruptcy Court's Decision

Although "there is no per se prohibition on entering summary judgment, *sua sponte,*" the granting of summary judgment *sua sponte* is discouraged in this Circuit. *Emp'rs Ins. of Wausau*, 69 F.3d 98, 105 (citation omitted). *See also Salehpour v. Univ. of Tenn.,* 159 F.3d 199, 204 (6th Cir. 1998). The issue is whether "'the losing party was on notice that it had to come forward with all of its evidence [and had a] reasonable opportunity to respond to all the issues to be considered by the court.'" *Bennett v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir. 2005) (citation omitted). In making this inquiry, the Panel must look at the totality of the proceedings

below to determine whether the losing parties had sufficient notice of the possibility that summary judgment could be granted against them. *Excel Energy, Inc. v. Cannelton Sales Co.,* 246 Fed. App'x 953, 960 (6th Cir. 2007).

Even if adequate notice was not given, the party seeking to overturn the summary judgment decision must also demonstrate prejudice. *Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984) (citations omitted). When summary judgment is granted "in favor of an opposing party when one party has made a motion for summary judgment . . . [it] may not be as detrimental since the moving party is at least aware that the issue has been raised." *Emp'rs Ins. of Wausau,* 69 F.3d at 105. In moving for summary judgment, the losing party has the opportunity to "'come forward with all of its evidence' because, in seeking summary judgment, it was required to present facts necessary to demonstrate that there was 'no genuine dispute as to any material fact and [that the moving party was] entitled to judgment as a matter of law.'" *Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 381–82 (6th Cir. 2011) (citing Fed. R. Civ. P. 56(a)). *See also Markva v. Haveman*, 168 F. Supp. 2d 695, 706 (E.D. Mich. 2001) (citation omitted) (party moving for summary judgment is considered to have sufficient notice of "the imminence of summary judgment in some form").

As pointed out by the bankruptcy court, "[t]he primary issue here is which party, Conrad, Fifth Third, or neither, has a perfected security interest in the aircraft." (Decision, at 8, March 30, 2015, Adv. Case ECF No. 57). Conrad filed its motion for summary judgment to assert that its security interest in the aircraft was superior to Fifth Third and the Trustee. Fifth Third argued in its cross-motion for summary judgment that its security interest in the aircraft was superior to Conrad. Because ownership of the collateral was a prima facie element of determining validity and perfection, both Conrad and Fifth Third were on notice that ownership had to be established before either would have been entitled to summary judgment.

The sounder approach would have been for the bankruptcy court to notify the parties that it was considering granting summary judgment to the Trustee. This would have given Conrad and Fifth Third an opportunity to come forth with further documentation regarding their interests. However, neither Conrad nor Fifth Third asserted that more notice would have given them the opportunity to present additional evidence. This implies that even if the parties were

not on notice, any error was harmless.  *Hoopes v. Equifax, Inc.,* 611 F.2d 134, 136 (6th Cir. 1979) ("Appellant has not demonstrated that he could have produced any additional evidence on the disputed counts if ten days notice had been given, nor that he was prejudiced in any way by the action of the court in granting summary judgment.").

Regardless of whether the parties were on notice that the bankruptcy court might grant summary judgment to the non-moving Trustee or whether there was any prejudice, the bankruptcy court's granting of summary judgment *sua sponte* in this particular case was an abuse of discretion because the decision was not based on undisputed material facts.  Instead, the bankruptcy court relied on the lack of documentation and on assumptions as to whether relevant documentation even existed.  The record does not answer the questions regarding ownership, security interests, or the priority of any security interests.  As discussed below, a review of the merits requires that the bankruptcy court's decision be reversed and remanded.

## B.  Review on the Merits

The substantive merits of the bankruptcy court's decision is reviewed *de novo*.  *Med. Mut. of Ohio*, 548 F.3d 383, 389 (citation omitted).  Summary judgment is appropriate where there is no genuine issue as to any material fact such that the prevailing party is entitled to judgment as a matter of law.  *Bell v. United States*, 355 F.3d 387, 391–92 (6th Cir. 2004) (citations omitted).  In reviewing a summary judgment decision, the Panel must view the facts and all inferences to be drawn from the facts in the light most favorable to the party against whom summary judgment was entered.  *Id.* at 392 (citation omitted).

The bankruptcy court should have viewed all the facts and inferences in the light most favorable to Conrad and Fifth Third when considering whether to grant summary judgment to the Trustee.  *See Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) (citation omitted) ("When reviewing cross-motions for summary judgment, the court must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party.").

The bankruptcy court held that there was "no question that the estate owns the aircraft and the lien claimants do not have valid claims" but never explained how it arrived at this conclusion.  Instead, it appears that the bankruptcy court based its ruling on Conrad's and Fifth

Third's failure to provide sufficient documentation to support the granting of their summary judgment motions. In granting summary judgment to the Trustee, the bankruptcy court failed to point to any evidence that clarified the issue of ownership, security interest, or priority. The only way the bankruptcy court could have reached the conclusion that the estate owns the aircraft and that neither Conrad nor Fifth Third have valid claims is by making assumptions and/or relying on information that is not in the record. Significantly, the bankruptcy court's ruling fails to analyze the effect of the FAA recordings, Ohio law on the ownership of aircraft, Ohio law requirements for attachment of a security interest, or the status of each individual aircraft.[3]

## VII. CONCLUSION

For the reasons stated, the bankruptcy court's order granting summary judgment to the Trustee is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.

---

[3]Because the Panel is reversing the bankruptcy court's granting of summary judgment to the Trustee, there is no need to review the denial of Conrad's and Fifth Third's motions. *See Harrison v. Ash*, 539 F.3d 510, 521 (6th Cir. 2008) (citation omitted) (denial of summary judgment is not a final order that is immediately appealable).