38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jeffrey D. COTTRELL, Plaintiff-Appellant,
v.
Clayton K. YUETTER, Secretary of the United States
Department of Agriculture; Defendant-Appellee,
James Stuller, et al., Defendants.
 No. 93-4336.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1994.
 
 Before: KENNEDY and MARTIN, Circuit Judges, and GUY, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff appeals from an order granting summary judgment for the Secretary of Agriculture in this action contesting a decision not to enroll a parcel of land in a conservation program. The parties waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990 plaintiff Jeffrey Cottrell, an Ohio farmer, filed a complaint seeking monetary and injunctive relief in connection with his unsuccessful attempt to enroll two parcels of leased farmland in the Conservation Reserve Program (CRP). Cottrell subsequently filed a motion for partial summary judgment as to his claim for injunctive relief against the Secretary. On November 15, 1991, the district court denied Cottrell's motion and granted partial summary judgment for the Secretary. On October 7, 1993, the court entered final judgment on all the claims. This appeal followed and the parties have briefed the issues.
 
 
 3
 Counsel for Cottrell sets forth four assigned errors on appeal. The first assignment challenges the district court's methods; the remaining issues address the merits of the decision. The record and law support the district court's decision.
 
 
 4
 The Conservation Reserve Program, codified at 16 U.S.C. Secs. 3801, 3831-3836, is a program whereby owners and operators of certain farmlands may submit offers to let their land lie fallow in exchange for annual rental payments from the Secretary of Agriculture. The program is designed to stem soil erosion and requires the owners or operators to enter into a long-term lease with the Secretary, typically ten or fifteen years.
 
 
 5
 On July 17, 1989, Jeffrey Cottrell (as lessee) and his grandmother, Lucille Stuller (as owner), applied to enroll two parcels of Ohio farmland into the CRP for a ten year period. Cottrell's lease on one parcel extended to December 31, 2007; his leasehold for the other parcel expires December 31, 1996.
 
 
 6
 On September 4, 1989, Lucille Stuller died. By the terms of Lucille Stuller's will, the farmland to be enrolled into the CRP was to pass in equal shares to her four surviving children, at least one of whom expressed reservations about putting the land into the CRP program. The county authority responsible for administering the CRP in the relevant county is the Coshocton County Agricultural Stabilization and Conservation Service Committee (Committee). The Committee initially approved the application conditionally. The Committee later became aware of Mrs Stuller's death and the possible obstacle the heirs' objections presented to Cottrell's participation in the CRP. The Committee informed Cottrell that, as he could not demonstrate he had the requisite control over all the land to be enrolled for the length of the CRP period, his application would be delayed pending the approval of all four heirs, i.e., Mrs. Stuller's children.
 
 
 7
 Instead of obtaining the heirs' approval (or any Ohio Probate Court order to this effect), Cottrell entered into a purported lease extension solely with the Executrix of Mrs. Stuller's estate, Cottrell's mother. Cottrell submitted this extension, along with another CRP application, to the Committee. Cottrell's application with the lease extension was rejected owing to the absence of the requested approval of the remaining three heirs.
 
 
 8
 Cottrell then filed his complaint in federal court alleging jurisdiction under 28 U.S.C. Secs. 1331 (general federal question) and 1346(b) (United States as party) and 5 U.S.C. Secs. 552a, 702 and 704 (the Administrative Procedure Act). He sought an order directing the Secretary to enroll the parcels of land into the CRP and monetary damages from the members of the Committee and the three heirs who did not agree to the lease extension. Cottrell filed a motion for partial summary judgment in the course of the litigation on his request for injunctive relief against the Secretary. The Secretary did not file a cross-motion. The district court ultimately denied Cottrell's motion. In so doing, the court sua sponte granted summary judgment for the Secretary. The court first assumed sub silentio that the Committee's decision was susceptible to judicial review. The court then examined the terms of Mrs. Stuller's will in the context of Ohio law and concluded that the Executrix, Cottrell's mother, lacked the authority to extend the lease in the manner in which she purported to do so. Several months later, the entire action was dismissed.
 
 
 9
 The only portion of the decision before the Sixth Circuit addressed in Cottrell's appellate brief is the denial of an injunction directing the Secretary to enroll Cottrell's leased parcels of farmland into the CRP. Counsel for Cottrell presents four issues in this context:
 
 
 10
 1. Did the District Court abuse its discretion by dismissing Plaintiff's Claim One sua sponte and without notice?
 
 
 11
 2. Does the United States Government have standing to declare void a lease extension between persons when: 1) the lessor is not a party to any challenge, and 2) it is in the stated interest of the Government to see that the lease extension is upheld?
 
 
 12
 3. Did the District Court err by ruling an Executor's extension of a lease was void without making a finding of fact that the Executor acted in bad faith?
 
 
 13
 4. Did the Executor of the Estate of Lucille Stuller have the power--either derived by statute, by will, or by implication--to extend an existing lease with Plaintiff and lessor [sic] Jeffrey Cottrell for the purpose of conserving real property of the estate during a will contest?
 
 
 14
 Plaintiff Cottrell's first issue lacks merit. The district court did indeed enter summary judgment for the Secretary without the Secretary having filed a cross-motion and thus putting Cottrell on notice. This action, however, is not reversible error standing alone. District courts possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all the evidence in her favor, Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986), and was given the benefit of the ten-day notice provisions of Fed.R.Civ.P. 56. Harrington v. Vandalia-Butler Bd. of Educ., 649 F.2d 434, 436 (6th Cir.1981). Failure to provide the ten-day notice is nevertheless subject to review for harmless error. Harmless error exists in this context where the party against whom summary judgment is entered has suffered no prejudice as a result of the district court's non-compliance. Id.
 
 
 15
 In the present appeal, it is clear that Cottrell suffered no prejudice by the district court's failure to provide him notice of its intention to grant summary judgment for the Secretary. The issue and evidentiary material upon which the court relied in granting summary judgment was the same set forth in Cottrell's motion. Indeed, it is difficult to imagine a litigant setting forth the evidence and law in his favor in more detailed fashion. Cottrell does not advance an argument that the district court misconstrued any material issue of law or fact; Cottrell merely disagrees with the court's conclusion based on the evidentiary material presented in his own motion and offers alternative views of that evidence. As this court is free to review the summary judgment using the same standard as the trial court, Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991), there is no reversible error apparent in this regard.
 
 
 16
 Cottrell's second, third and fourth issues challenge what is said to have been the district court's decision to "declare the lease extension void." To characterize the district court's result in this fashion, however, is to completely misconstrue the district court's mission in this case. The court was not asked, and did not have subject matter jurisdiction, to decide the pure state law question of the legality of the purported lease extension. The court was asked to review a decision made by an arm of the executive branch of the federal government, to wit, whether or not the Secretary wrongfully decided that Cottrell was not eligible to participate in the CPR. To the extent that the district court had jurisdiction to conduct such a review, its conclusions are eminently defensible. Generally, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine", a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 17
 The evidentiary material of record amply supports the district court's decision. Neither the statutes codifying the Conservation Reserve Program, 16 U.S.C. Secs. 3801, 3831-3836, nor the regulations promulgated to administer the program, 7 C.F.R. Sec. 704.1-.31, confer an absolute right upon an individual to have his CRP application approved. The regulations, in fact, codify the Secretary's seemingly unfettered ability to reject any and all offers to place land into the CRP. 7 C.F.R. Sec. 704.11(f). An "eligible person" for the CRP is defined, in the case of an applicant who does not own the land to be reserved, as one who has been operating the land for a defined period of time and who "must provide satisfactory evidence that such person will be the operator of such cropland for the CRP Contract period." 7 C.F.R. Sec. 704.6(a). Cottrell has never challenged the legality of the statutes or regulations.
 
 
 18
 Cottrell must concede that the specter of a will contest between heirs apparent looming on the horizon might well lead one to conclude that there is certainly not satisfactory evidence of Cottrell's long-term control of the land, regardless of the actual outcome of any such will contest. The district court's opinion on the validity of the lease extension has no legal impact outside the limited parameters of this review. It nevertheless undeniably represents the reasonable view, supported by the record, that Cottrell does not appear to be a person eligible to participate in the CRP as defined. The appeal lacks merit.
 
 
 19
 Accordingly, the district court's judgment is affirmed.