NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0843n.06

No. 10-1340

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TURCAR, LLC,

    Plaintiff - Appellant,

v.

INTERNAL REVENUE SERVICE,

    Defendant - Appellee.

_____ /

FILED

**Dec 15, 2011**

LEONARD GREEN, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

BEFORE:    MARTIN, CLAY, and WHITE, Circuit Judges.

**CLAY, Circuit Judge.**  Plaintiff Turcar, LLC ("Turcar") filed this civil action against the government to quiet title and for wrongful levy on a piece of real property located in Dearborn, Michigan (the "Property"). Plaintiff appeals the district court's order granting summary judgment in the government's favor and the district court's denial of Plaintiff's motion for reconsideration. Plaintiff argues that the district court erred in deciding the government's summary judgment motion on a *sua sponte* basis that was not argued by the parties. For the reasons set forth below, we disagree and **AFFIRM** the district court's rulings.

**BACKGROUND**

This action stems from a 1985 tax assessment made against an individual, Manuel Turchan, for unpaid employee withholding taxes during the 1982 tax period. When Turchan failed to pay the assessment, a lien in the government's favor was created that automatically attached to all property

and rights to property belonging or thereafter acquired by Turchan. Over ten years later, on March 20, 1996, Turchan entered into a land contract with FRD Realty Investment ("FRD") for Turchan's purchase of the Property at issue in this suit.

On May 27, 1997, the IRS filed a Notice of Federal Tax Lien against Turchan and the Property with the Wayne County, Michigan, Register of Deeds. Separately, by letter dated December 12, 1997, FRD notified Turchan that their land contract was deemed forfeited due to Turchan's failure to cure a missed payment from September 1, 1997, within a 90-day grace period. Turchan did not challenge the forfeiture or attempt to redeem the contract.

Despite the forfeiture, on April 21, 1998, Turchan executed several documents purporting to transfer the Property. First, Turchan quitclaimed his interest to Plaintiff Turcar, a limited liability company of which Turchan was a member. Turcar was incorporated in Michigan and was located at the Property's address. The consideration provided on the transaction was zero dollars. On the same day, Turchan and Turcar jointly entered into a "Collateral Assignment of Land Contract," assigning their collective interests to Diamond Tech Lenders ("DTL") in exchange for a purchase money secured interest loan. Several weeks later, on May 14, 1998, Turchan recorded the original land contract between Turchan and FRD, the quitclaim deed between Turchan and Turcar, and the collateral assignment to DTL with the Wayne County Register of Deeds.

On August 12, 1998, Turchan recorded three additional deeds dated May 15, 1998; June 24, 1998; and June 30, 1998.[1] The deeds purported to quitclaim the Property back to Turchan for a total consideration of $325,000.

On October 25, 2007, the IRS issued a Notice of Seizure made out to Plaintiff at the Property's address. The Notice cited Turchan's nonpayment of $756,888.24 in past due federal taxes as the reason supporting seizure.

On November 21, 2007, Plaintiff filed the present suit. Plaintiff sought declaratory relief voiding the government's seizure attempt and declaring Turcar the sole owner of the Property. Plaintiff argued that when Turchan forfeited the land contract to FRD, Turchan lost all attachable interest, and despite the interim quitclaim deeds executed thereafter, the Property was not encumbered by any of Turchan's personal tax liabilities. Plaintiff further claimed that it took ownership of the Property by deed from FRD around May 15, 1998. Plaintiff alleged that it thus took the Property free of Turchan's encumbrances, rendering the IRS's attempt to seize the Property from Turcar wrongful.

On March 6, 2009, the IRS moved for summary judgment. The government asserted that because of the ongoing tax lien against Turchan, the IRS held a superior interest in the Property to any that could be claimed by Plaintiff.

During the pendency of the summary judgment motion, the government discovered and apprised the court that its lien on the Property was erroneously released in May 2008. In June 2008,

---

[1]The three quitclaim deeds were executed by FRD, a W. Kent Clarke, Jr., and Fred Ferber, the President of FRD according to the May 15 deed. The record does not indicate what relationship Clarke had to FRD.

the IRS reinstated the lien. At Plaintiff's request, the court allowed Plaintiff to submit additional evidence and argument as to whether the lien's release and reinstatement affected its interest in the Property. Plaintiff provided no additional documentation and maintained its original arguments.

On October 8, 2009, the district court granted summary judgment to the government. Instead of adopting the government's argument of superior interest, however, the district court held that Plaintiff failed to establish a legally cognizable interest in the Property, as required for success on either of its claims. *Turcar, LLC v. Internal Revenue Serv.*, No. 07-14975, 2009 WL 3241968, at *2–3 (E.D. Mich. Oct. 8, 2009) (*Turcar I*).

Following the unfavorable judgment, Plaintiff moved for reconsideration. Plaintiff argued that, because the government had not contested Turcar's interest in the Property, the district court's grant of summary judgment on this basis was an impermissible *sua sponte* action.

In support of its motion, Plaintiff attached an additional quitclaim deed, dated July 17, 1998, that purported to convey the Property from Turchan to Turcar. Plaintiff faulted the IRS for failing to include the deed in its presentation of title and argued that the new deed called for reversing the grant of summary judgment. On March 1, 2010, the district court refused to consider the new deed, as untimely, and denied Turcar's motion for reconsideration. *Turcar, LLC v. Internal Revenue Serv.*, No. 07-14975, 2010 WL 746238, at *1–2 (E.D. Mich. Mar. 1, 2010) (*Turcar II*).

Turcar timely appealed. Original jurisdiction exists pursuant to 28 U.S.C. §§ 1346(e) (wrongful levy) and § 1444 (allowing removal of suits to quiet title against the United States). Sovereign immunity is waived for both counts pursuant to 26 U.S.C. § 7426(a)(1) (wrongful levy) and 28 U.S.C. § 2410(a)(1) (quiet title). Appellate jurisdiction exists under 28 U.S.C. § 1291.

## DISCUSSION

I.     **Summary Judgment Ruling**

A.     **Standard of Review and Legal Standard**

Typically, a district court's grant of summary judgment is reviewed *de novo*. *Bell v. United States*, 355 F.3d 387, 391 (6th Cir. 2004). However, when a district court grants summary judgment *sua sponte*—including deciding the motion on an alternative basis not argued by the parties—its decision is subject to two separate standards of review. *Bennett v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir. 2005) (quoting *Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000)). "The district court's procedural decision to enter summary judgment *sua sponte* . . . is reviewed for abuse of discretion," while the "substance of the district court's decision is reviewed *de novo* under the normal standards for summary judgment." *Id*. If the district court's procedural decision was an abuse of its discretion, the appropriate action by this Court is to remand the case "so that the district court can decide the motion for summary judgment, in the first instance implementing procedures in conformity with law." *Excel Energy, Inc. v. Cannelton Sales Co.*, 246 F. App'x 953, 959 (6th Cir. 2007).

If the district court did not abuse its discretion in granting summary judgment *sua sponte*, we next analyze the merits of the summary judgment decision *de novo*. *Bennett*, 410 F.3d at 816. Summary judgment is appropriate where there is no genuine issue as to any material fact such that the prevailing party is entitled to judgment as a matter of law. *Bell*, 355 F.3d at 391–92; Fed. R. Civ. P. 56. In reviewing a summary judgment decision, this Court must view the facts and all inferences to be drawn from the facts in the light most favorable to the party against whom summary judgment

was entered. *Id.* at 392. A genuine issue of material fact exists where there is sufficient evidence for a jury to return a verdict in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## B.    Procedural Summary Judgment Analysis

Plaintiff complains that the district court abused its discretion when it granted summary judgment on the basis of an issue never contested through the summary judgment proceedings. Plaintiff claims that the source of Turcar's interest in the Property was not in dispute, and therefore, Plaintiff was not on notice of a need to present additional items, such as a deed of ownership, to prove its interest in the Property.

While a *sua sponte* entry of judgment is "disfavored," the practice is not prohibited *per se*, and a district court may do so "in certain limited circumstances," provided the losing party is afforded "notice and [a] reasonable opportunity to respond to all the issues to be considered by the court." *Shelby Cnty. Health Care Corp.*, 203 F.3d at 931 (quoting *Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 105 (6th Cir. 1995)); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). We have held that a court must provide a party with a reasonable opportunity to respond by adhering to the same ten-day time frame prescribed for a party's motion for summary judgment. *See Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984) (citing *Kistner v. Califano*, 579 F.2d 1004 (6th Cir. 1978)).[2] A

___

[2]Although not applicable to the present dispute, we note that Rule 56(c) was amended in 2010 and 2011. The revised rules now expressly provide that a district court may act *sua sponte*. Under Rule 56(f), after giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant summary judgment on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not

district court's failure to adhere to the ten-day rule is subject to harmless error review. *Meyer v. AmerisourceBergen Drug Corp.*, 264 F. App'x 470, 478 (6th Cir. 2008) (citations omitted).

The "key inquiry" is whether the losing party was on sufficient notice that it needed to come forward with all its evidence required to withstand summary judgment. *Excel Energy*, 246 F. App'x 959–60. In making this inquiry, this Court looks to the totality of the proceedings below to determine whether the losing party had sufficient notice of the possibility that summary judgment could be granted against it. *Id.* at 960. In evaluating this question, this Court considers whether the prevailing party moved for summary judgment; whether the losing party moved for summary judgment; what issues the parties focused on in their briefs; what factual materials the parties submitted to the court; and whether motions were filed by co-defendants. *See id.* (citing cases). Generally, procedural concerns are highest where summary judgment was granted absent a party motion or where the court granted summary judgment in the non-moving party's favor. By contrast, a decision in the moving party's favor, even if on an alternative basis than those argued before the court, is a less extreme *sua sponte* action, because the moving party's motion puts its opponent on at least some notice that defensive action is required. *See id.* at 960 n.7; *Meyer*, 264 F. App'x at 478.

In order to obtain appellate relief, the party seeking to overturn the summary judgment decision must also demonstrate prejudice. *Yashon*, 737 F.2d at 552. "[E]ven in circumstances where the procedure implemented by the district court did not provide adequate notice," this Court need not remand the case to the district court where doing so "would merely entail an empty formality

---

be genuinely in dispute. Fed. R. Civ. P. 56(f); *see also J.D. Fields & Co., Inc. v. United States Steel Int'l Inc.*, 426 F. App'x 271, 280 n.9 (5th Cir. 2011).

with no appreciable possibility of altering the judgment." *See Excel Energy, Inc.*, 246 F. App'x at 960 (citing *United Rentals (N. Am.), Inc. v. Keizer*, 355 F.3d 399, 411 (6th Cir. 2004); additional citations omitted).

In the instant case, the district court easily could have informed the parties that it was considering summary judgment on an alternative basis. Although we question why the court chose not to do so, we cannot say that the court's *sua sponte* action requires reversal. Plaintiff was on notice that the chain of title before the district court was facially insufficient to support its claims. Moreover, Plaintiff has not shown prejudice.

First, the district court granted the moving party's motion based on "issue[s] and evidentiary material" that were "the same [as those] set forth in" the parties' arguments. *Cottrell v. Yuetter*, No. 93-4336, 1994 WL 560967, at *3 (6th Cir. Oct. 11, 1994). This is not a case where the parties provided "little to no argument" regarding the Property's ownership. *Excel Energy, Inc.*, 246 F. App'x at 962. In order to address the government's superior interest theory, both parties were required to extensively brief the Property's chain of title. Accordingly, a defense sufficient to withstand summary judgment necessarily required Plaintiff to examine the government's presentation of chain of title. Similarly, the response provided Plaintiff with an opportunity to supplement the government's evidence, if required.

Moreover, both of Plaintiff's claims required that it prove its interest as a *prima facie* element. *See Sumpter v. United States*, 302 F. Supp. 2d 707, 719 (E.D. Mich. 2004) (quiet title) and *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996) (wrongful levy). Despite this burden, Plaintiff offered little evidence to support its claims. Plaintiff's complaint was barren of supporting

documentation, and on summary judgment, Plaintiff relied primarily on the exhibits provided by the government. The Property's lengthy chain of title obscures the fact that only two of the documents even named Turcar. We cannot take seriously Plaintiff's claim that this glaring gap in the evidence caught it unaware.

On summary judgment, the sole document evidencing Plaintiff's acquisition of interest was the quitclaim deed dated April 21, 1998, purporting to convey Turchan's interest to Turcar. However, Plaintiff argued that this deed be disregarded, on the theory that Turchan did not have an interest to convey when he executed the transaction. This argument was self-defeating, even if viewed in Plaintiff's favor, because it completely undercut the only evidence linking Turcar to the Property. Having severed its interest by its own argument, Plaintiff provided only two additional documents to reestablish its position. One replicated an exhibit already provided by the government, which showed Turchan and Turcar *relinquishing* interest in the Property. The second evidenced Turchan's forfeiture of interest to FRD, but did not name Turcar. The fact that Plaintiff supplemented the record on these points demonstrates that it had notice and an opportunity to correct any links it believed were omitted in the government's presentation of chain of title, including whatever documents it believed demonstrated a ruling in its favor.

Additionally, contrary to Plaintiff's protestations, the summary judgment motion notified Plaintiff that the government questioned Turcar's source of interest in the Property. Although the government moved on a theory of superior interest, Plaintiff overstates the government's position when it claims that the IRS conceded this point. In fact, the IRS specifically highlighted this issue,

but stated that it would presume, for purposes of the summary judgment motion only, that Turcar could present facts to establish its interest.

A review of the chain of title as presented to the district court shows that Plaintiff should have been aware of the facts supporting a grant of summary judgment in the government's favor. As such, the burden fell to Plaintiff to contradict the government's case with specific facts showing a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The district court's basis for granting summary judgment was embraced within the evidence and arguments presented by the parties, and the government did not concede Turcar's interest. Under the totality of these circumstances, Plaintiff cannot show that it was deprived of notice and an opportunity to present the facts necessary to survive summary judgment.

Furthermore, in order to warrant remand, Plaintiff is required to show prejudice. A losing party is prejudiced where the court's entry of summary judgment deprived it of its ability to develop the record or to present legal arguments that would disturb the prevailing party's entitlement to judgment as a matter of law. *See Erickson's Flooring & Supply Co., Inc. v. Tembec, Inc.*, 212 F. App'x 558, 567 (6th Cir. 2007); *Meyer*, 264 F. App'x at 479. "[W]hen the legal issue has already been fully briefed and no factual dispute exists, that party has not been prejudiced by the court's noncompliance with Rule 56(c)." *Harrington v. Vandalia-Butler Bd. of Educ.*, 649 F.2d 434, 436 (6th Cir. 1981).

Here, Plaintiff was presented with multiple opportunities to develop the record and arguments in its favor. Yet, Plaintiff has not demonstrated that it could have produced new favorable evidence or arguments had more notice been given. *Erickson's Flooring & Supply Co., Inc.*, 212 F. App'x

at 567 (citing *Hoopes v. Equifax, Inc.*, 611 F.2d 134, 136 (6th Cir. 1979)). Plaintiff had the opportunity in its complaint, in its response to the government's motion for summary judgment, and on its motion for reconsideration to point to evidence that might alter the district court's judgment. *Id*. Likewise, Plaintiff could have attempted to supplement the record on appeal. *Id*. Plaintiff has not done so.

The sole additional document provided by Plaintiff following summary judgment is the July 1998 quitclaim deed conveying the Property from Turchan to Turcar. However, Plaintiff did not provide any argument, either before the district court or on appeal here, to show that this document changes the district court's after-acquired title merits analysis. Likewise, Plaintiff's contention that the court should have taken judicial notice of the deed showing Turcar's conveyance to DTL is unconvincing. The fact that a party ostensibly gave away property does not show that the party had anything to give.

Accordingly, Plaintiff cannot show that it was prejudiced by the district court's failure to notify the parties of its alternative *sua sponte* basis for granting summary judgment.

C.      **Substantive Summary Judgment Analysis**

In an action to quiet title under Michigan Law, the claimant bears the burden of establishing a *prima facie* case for title. *See* Mich. Comp. Laws §600.2932(1); *Sumpter*, 302 F. Supp. 2d at 719. If the claimant establishes its legal interest, the burden of proof shifts to the defendant to prove its superior right or title to the property. *Sumpter*, 302 F. Supp. 2d at 719 (citations omitted). Similarly, an action for wrongful levy requires the claimant to prove a legally cognizable interest in the property. *See McGinness*, 90 F.3d at 146.

In its complaint, Plaintiff originally claimed that it gained its interest in the Property by deed from FRD in May 1998. To this day, Plaintiff has not provided evidence to support this contention. Similarly, Plaintiff has failed to produce viable evidence showing that it took title following Turchan's repurchase of the Property from FRD in August 1998.

Without proof of these transactions, the evidence of Turcar's interest consists of the April 21, 1998, quitclaim deed, recorded May 14, 1998, transferring the Property from Turchan to Turcar, and the July 17, 1998, deed, recorded July 31, 1998, produced at the Motion for Reconsideration involving the same parties. On appeal, Plaintiff does not challenge the district court's analysis that the doctrine of after-acquired title defeats Turchan's first effort to convey a subsequently-obtained interest by quitclaim deed. *See Turchan I*, 2009 WL 3241968, at *2–3. Plaintiff has provided no argument that the second transaction would be subject to a different analysis.

While the bulk of Plaintiff's argument on appeal seeks to prove its prioritized status over the government's lien, Plaintiff's efforts are misplaced. The district court correctly noted that this argument is inapposite unless and until Turcar can successfully prove the origin of its legal interest. Because Turcar has failed to do so, its claim of title remains fatally flawed and it cannot succeed on either of its claims. *See Celotex Corp.*, 477 U.S. at 322–23 (summary judgment appropriate against a party who fails to provide a sufficient showing to establish an essential element of its case).

Accordingly, we hold that the district court properly granted summary judgment in favor of the government on Plaintiff's claims to quiet title and for wrongful levy. We hold that the district court did not procedurally err in doing so on the alternative *sua sponte* basis.

## II. Motion for Reconsideration

Although we usually review a district court's denial of a motion to reconsider for abuse of discretion, when a party moves for reconsideration of a grant of summary judgment, we review the district court's decision *de novo*. *Med. Mut. of Ohio v. K. Amalia Enters. Inc.*, 548 F.3d 383, 389–90 (6th Cir. 2008). A district court's refusal to consider evidence produced for the first time on a motion for reconsideration will be reversed only if the refusal was an abuse of discretion. *Id*. at 390.

A Rule 59(e) motion to alter or amend a judgment "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "To constitute newly discovered evidence, the evidence must have been previously unavailable." *Id.* (internal quotations omitted). The Eastern District of Michigan's Local Rule 7.1(g)(3), which mirrors these standards, also applies and was considered by the district court *See Turcar II*, 2010 WL 746238, at *1.

Plaintiff contends that the district court erred in refusing to consider its additional evidence and erred in denying its motion for reconsideration. Although Plaintiff concedes it never brought the deed presented with the Motion for Reconsideration to the court's attention in opposing summary judgment, Plaintiff blames the IRS for omitting this link in the chain of title and argues that this evidence should have been considered because it defeats the summary judgment ruling.

Plaintiff's arguments are without merit. Plaintiff admits that the deed was available during the pendency of the summary judgment proceedings. Once the government provided sufficient facts to support a grant of summary judgment in its favor, the burden shifted to Plaintiff to put forward

specific facts to defeat the government's motion. *Matsushita*, 475 U.S. at 587. The government cannot be blamed for failing to provide Plaintiff's evidence.

We note, however, that one purpose of a motion for reconsideration is to correct a clear error of law. *See Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010). To the extent that Plaintiff argued that it was denied the opportunity to present the additional deed because of the district court's *sua sponte* action, the court should have considered whether its decision deprived Plaintiff of notice that the deed was required. *See J.D. Fields & Co., Inc.*, 426 F. App'x at 281. (finding that a motion for reconsideration can provide the district court with a means for rectifying any procedural errors in granting summary judgment *sua sponte*).

Nevertheless, we cannot say that this failure warrants reversal because the pleadings sufficiently notified Plaintiff of its need to supplement the evidence and because Plaintiff has not provided this Court with a sufficient argument that the new deed should alter the district court's ruling.

## III.     Release and Reinstatement of Lien

Finally, Plaintiff argues that the government's mistaken release and reinstatement of the lien extinguished the government's claim of interest. The district court did not reach this claim because it found that Plaintiff failed to prove an interest in the Property. We similarly decline to reach this question.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's orders granting summary judgment for the government and denying Plaintiff's motion for reconsideration.