PD-1121-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/24/2015 4:49:58 PM
Accepted 9/24/2015 5:02:01 PM
ABEL ACOSTA
CLERK

*Oral argument requested*

**PD-1121-15**

IN THE TEXAS COURT OF CRIMINAL APPEALS

---

# EX PARTE
# MICAH TUTTON
*APPELLANT*

---

FROM THE TENTH COURT OF APPEALS
CAUSE No. 10-14-00360-CR

APPEAL FROM THE 40TH DISTRICT COURT OF
ELLIS COUNTY, TEXAS, CAUSE No. 34649CR

---

# APPELLANT'S PETITION FOR
# DISCRETIONARY REVIEW

---

BRUCE ANTON
State Bar No. 01274700
ba@sualaw.com

BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201
214-468-8100 (office)
214-468-8104 (fax)

*Counsel for Appellant*

FILED IN
COURT OF CRIMINAL APPEALS

September 24, 2015

ABEL ACOSTA, CLERK

# Grounds for Review

I. Whether an applicant-appellant must anticipate and counter the district court's reasoning in rejecting his application in order to preserve his complaint as to that reasoning for review.

II. Whether the court of appeals incorrectly concluded that Tutton's evidentiary support was not before the district court.

# Table of Contents

Grounds for Review..................................................................................2

    I.    Whether an applicant-appellant must anticipate and counter the district court's reasoning in rejecting his application in order to preserve his complaint as to that reasoning for review. ......................2

    II.    Whether the court of appeals incorrectly concluded that Tutton's evidentiary support was not before the district court. ..........................2

Table of Contents ...................................................................................3

Index of Authorities ...............................................................................5

Identity of Parties and Counsel .............................................................6

Statement Regarding Oral Argument .....................................................7

Statement of the Case and Procedural History........................................8

Argument...............................................................................................10

    I.    Background ...............................................................................10

    II.    A habeas corpus applicant cannot be required to anticipate the district court's reasoning in rejecting his application in order to preserve his claim for review ...........................................................14

    III.    The court of appeals incorrectly concluded that the necessary evidentiary support was not before the district court ....................17

    IV.    Conclusion .................................................................................18

Prayer ....................................................................................................18

Certificate of Service..............................................................................20

Certificate of Compliance ..................................................................20

Appendix.........................................................................................21

# Index of Authorities

**Cases**

*Ex Parte Tutton*, No. 10-14-00360-CR, 2015 WL 4384496 (Tex. App.—
Waco 2015) ..................................................................9, 13, 14, 17

*Henson v. State*, 794 S.W.2d 385, 401 (Tex. App.—Dallas 1990, pet.
ref'd) ..........................................................................................15

*Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)............16

*Resendez v. State*, 306 S.W.3d 308, 318 (Tex. Crim. App. 2009) ............16

*State v. Saavedra*, 13-04-400-CR, 2005 WL 1714296 (Tex. App.—Corpus
Christi 2005, no pet.)..................................................................15

*Turcar, LLC v. I.R.S.*, 451 F. App'x 509, 513 (6th Cir. 2011) .................15

*United States v. White*, 704 F. Supp. 90, 93 (E.D.N.C. 1989) .................15


**Statutes**

TEX. CRIM. PROC. CODE § art. 62.102......................................................8, 11


**Other Authorities**

Tex. Att'y Gen. Op. GA-0772 (2010).........................................................14


**Rules**

TEX. R. APP. P. 33.1 ................................................................................16

37 TEX. ADMIN. CODE § 87.85(g) (2009) ...................................................14

## Identity of Parties and Counsel

For Appellant Micah Tutton:

BRUCE ANTON
*Trial counsel of record*
SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201

BRUCE ANTON
BRETT ORDIWAY
*Appellate counsel of record*
SORRELS, UDASHEN & ANTON

For Appellee the State of Texas:

CYNTHIA W. HELLSTERN
*Trial and appellate counsel of record*
ELLIS COUNTY DISTRICT ATTORNEY'S OFFICE
109 S. Jackson
Waxahachie, Texas 75165

Trial court:

40TH JUDICIAL DISTRICT COURT OF ELLIS COUNTY, TEXAS
THE HONORABLE BOB CARROLL PRESIDING

## Statement Regarding Oral Argument

The court of appeals in this case effectively held that a habeas corpus applicant must anticipate the district court's reasoning in rejecting his application in order to preserve his claim for review. This holding is, of course, enormously impactful on the thousands of annual habeas applicants. Tutton respectfully requests this Court to grant oral argument so that this important issue can be fully considered.

## Statement of the Case and Procedural History

On the advice of his attorney, Tutton pleaded guilty to failing to comply with the registration requirements of the Sex Offender Registration Program. *See* TEX. CRIM. PROC. CODE § art. 62.102; (CR: 3). Only after being sentenced to five years' community supervision did Tutton learn he was never required to register. (CR: 28-29, 52).

Accordingly, Tutton filed an application for a writ of habeas corpus, pursuant to Article 11.072 of the Code of Criminal Procedure, in which he alleged that: (1) he was actually innocent, (2) his plea was involuntary, and (3) he received ineffective assistance of counsel because Slaton inadequately investigated the matter. (CR: 54). The State disagreed. Tutton *was* required to register, the State contended, and the district court, following the State, rejected Tutton's application. (CR: 64).

On appeal to the Tenth Court of Appeals, Tutton argued the distirct court was wrong. (Ap. Br. at 9). In an opinion released July 9, 2015, the court of appeals refused to consider the merits of Tutton's argument, though, because it concluded he failed to present to the district court both the legal arguments and evidence that prove he is entitled to

relief. *Ex Parte Tutton*, No. 10-14-00360-CR, 2015 WL 4384496 (Tex. App.—Waco 2015). Because the court was wrong as to both, Tutton moved the court to rehear the case. The court denied Tutton's motion on July 29, 2015. This petition now follows.

## Argument

### I. Background

In April 2004, Tutton—himself a juvenile—was placed on probation in Ellis County for committing the offense of indecency with a child. Had he completed a treatment program, he would not have been required to register as a sex offender, but approximately two years later the State filed a "Petition to Modify" in which it alleged that Tutton failed to do so. (CR: 82).

Almost immediately after the State filed that petition, however, a Johnson County court sentenced Tutton to the Texas Youth Commission for committing a separate sexual assault. Ellis County thus filed a motion to nonsuit its petition. (CR: 99). And the Johnson County court "defer[red] deci[ding] on requiring registration… until [Tutton] completed treatment… as a condition of probation or while committed to the Texas Youth Commission."

On September 5, 2008, Tutton failed the Johnson County-ordered TYC treatment program. (CR: 63). TYC sent a letter to Ellis County stating that Tutton "w[ould] be required to register as a sex offender" as

10

a result of the Johnson County offense. (CR: 63); *see also* (St. Br. at 9-10). But the Johnson County court never then required as much.

In February 2010, the Ellis County grand jury nonetheless indicted Tutton for failing to comply with the registration requirements of the Sex Offender Registration Program. *See* TEX. CRIM. PROC. CODE § art. 62.102; (CR: 3). Specifically, for failing "to report a change in [his] status with respect to leaving employment." (CR: 3). Tutton was confused—no court had ever required him to register. (CR: 39, 52). But because Tutton's appointed attorney, Charles Slaton, "advised [him] that [he] did not stand a chance in trial," on June 11, 2010, Tutton agreed to plead guilty in exchange for a sentence of 730 days' confinement in the state jail, a $1,000 fine, and five years' community supervision. (CR: 28-29, 52).

Since that time, however, Tutton's belief was confirmed—he was in fact not required to register. Thus, on September 24, 2014, Tutton, represented by present counsel, filed an application for a writ of habeas corpus in which he alleged that: (1) he was actually innocent; (2) his plea was involuntary; and (3) he received ineffective assistance of counsel because Slaton inadequately investigated the matter. (CR: 54).

The State disagreed. Tutton *was* required to register, the State contended, as a result of the Johnson County offense, and thus all of his grounds were without merit. (CR: 56-58). But the State did not contend that the Johnson County court required Tutton to register. Instead, the State pointed to its own prosecutor's affidavit, citing an administrative rule, claiming that, because Tutton failed the Johnson County-ordered treatment course, TYC itself had authority to require him to register. (CR: 60-63).

A mere four days later, the district court denied Tutton's application for the reasons provided by the State. (CR: 64). The day after that, Tutton filed a "Supplemental Response and Unopposed Request for Rehearing," to which he attached several pieces of additional evidence. (CR: 65-107). The court explicitly "considered," but denied, the response and request. (CR: 111).

On appeal to the Tenth Court of Appeals, Tutton argued the district court erred in finding that he was required to register as a sex offender as a result of his juvenile adjudication in Johnson County. (Ap. Br. at 9). Primarily because, even if TYC had required him to register, the administrative rule that theh State contended allowed it to do so

12

was irreconcilably in conflict with the Code of Criminal Procedure, rendering it void. (Ap. Br. at 11). Thus, because TYC had no authority to require Tutton to register, he did not fail to comply with the concomitant requirements. (Ap. Br. at 18). Because he nonetheless pleaded guilty to as much on the advice of his counsel, Tutton (1) was actually innocent, (2) his plea was involuntary, and (3) he received ineffective assistance of counsel. (Ap. Br. at 18).

In response, the State offered nothing to rebut the merits of Tutton's argument. It simply pasted its argument from the district court into its brief. *Compare* (St. Br. at 8-11) with (CR: 56-58). Instead, the State asked the court to ignore Tutton's argument because Tutton "failed to present to the trial court the evidence–or the legal arguments—that he now claims shows he is entitled to relief." (St. Br. at 6). Tutton filed a reply brief addressing each claim, but the court of appeals entirely ignored it and, following the State, refused to consider the merits of Tutton's argument. *Tutton*, 2015 WL 4384496 at *3. Because the court was wrong—and in fact made an even greater error than the State urged—Tutton moved the court to rehear the case. The court denied that motion.

## II. A habeas corpus applicant cannot be required to anticipate the district court's reasoning in rejecting his application in order to preserve his claim for review

In Tutton's original application for a writ of habeas corpus he alleged that, because he was not required to register as a sex offender: (1) he was actually innocent, (2) his plea was involuntary, and (3) he received ineffective assistance of counsel because his counsel inadequately investigated the matter. (CR: 39). On appeal, he argued just the same, pointing to his application. (Ap. Br. at 6-7, 10). And yet, in a single conclusory sentence, followed by three sentences of boilerplate, the court of appeals rejected Tutton's appeal because "[n]one of the arguments made by Tutton on appeal were made in his habeas-corpus application." *Tutton*, 2015 WL 4384496 at *3.

Concededly, the statutory-construction question focused upon in Tutton's brief was not discussed in his application for a writ of habeas corpus. *Compare* (Ap. Br. at 10-18) with (CR: 43-54). But the statutory-construction issue only arose once the State pointed to an Attorney General's opinion in support of its argument, as it relied upon a provision in the Administrative Code. *See* (CR: 57) (citing Tex. Att'y Gen. Op. GA-0772 (2010) (citing 37 TEX. ADMIN. CODE § 87.85(g) (2009))). Consid-

14

ering the district court then accepted that argument in denying Tutton's writ application, Tutton had to address it on appeal. By the court of appeals's reasoning, by contrast, any *sua sponte* finding by a district court would be unchallengable. *See State v. Saavedra*, 13-04-400-CR, 2005 WL 1714296 (Tex. App.—Corpus Christi 2005, no pet.) (acknowledging district court's ability to make a "*sua sponte* finding"); *Turcar, LLC v. I.R.S.*, 451 F. App'x 509, 513 (6th Cir. 2011) (recognizing a district court's ability to *sua sponte* decide a motion, and further explaining that "a decision in the moving party's favor, even if on an alternative basis than those argued before the court, is a less extreme *sua sponte* action, because the moving party's motion puts its opponent on at least some notice that defensive action is required."); *United States v. White*, 704 F. Supp. 90, 93 (E.D.N.C. 1989) (noting, without comment, district court's *sua sponte* identification of "a more serious problem which was the basis of his recommendation to grant the motion to suppress").

Even if the court hadn't ruled on an unanticipated basis, though, parties on appeal are, of course, permitted to expand upon their arguments before the district court. *See, e.g., Henson v. State*, 794 S.W.2d 385, 401 (Tex. App.—Dallas 1990, pet. ref'd) ("Apparently the State

15

merely seeks to expand the reasoning behind its earlier argument, rather than setting out a new argument."). Requiring litigants to present their full appellate arguments before the district court, anticipating all possible counterarguments, would quite obviously interrupt trial court proceedings to an absurd degree. And, to that end, in order to preserve a complaint for appeal "all a party has to do... is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) (citing TEX. R. APP. P. 33.1).

This standard is "not to be implemented by splitting hairs in the appellate courts." *Ibid.* And unless this Court "splits hairs," Tutton's application satisfied "the fairly minimal requirements of Rule 33.1." *Resendez v. State*, 306 S.W.3d 308, 318 (Tex. Crim. App. 2009) (Holcomb, J., dissenting). Again, in Tutton's original application for a writ of habeas corpus he alleged that, because he was not required to register as a sex offender: (1) he was actually innocent, (2) his plea was involuntary, and (3) he received ineffective assistance of counsel because his counsel inadequately investigated the matter. (CR: 39). And on appeal, he argued just the same. (Ap. Br. at 6-7, 10). Accordingly, Tutton urges

16

this Court that the court of appeals's first justification for failing to consider his appeal was invalid.

**III. The court of appeals incorrectly concluded that the necessary evidentiary support was not before the district court**

The court of appeals further faulted Tutton for failing to provide evidence to support his arguments. *Tutton*, 2015 WL 4384496 at \*3. Unlike the State, though—in its response, it argued as much on the basis that the numerous documents filed with Tutton's supplemental application were not properly before the Court—the court based its holding on much narrower grounds: without only "the documents that show the Johnson County adjudication and TYC discharge in the record, the district court was constrained by the record to hold that Tutton had failed to allege facts, which, if true, would entitle him to relief." *Compare* (St. Br. at 8) with *Tutton*, 2015 WL 4384496 at \*3. But the TYC discharge document *was* included in the record. By the State. *See* (CR: 63). And the State further acknowledged that Tutton was adjudicated in Johnson County on July 10, 2006. *See* (CR: 61). Far from having its hands tied, then, the district court had absolutely everything it needed to grant relief. Thus, on this basis, too, the court was wrong to ignore the merits of Tutton's appeal.

17

## IV.  Conclusion

The State, its argument that Tutton was required to register as a sex offender having been clearly refuted, scrambled to defend its unconstitutional conviction on procedural grounds. But they were every bit as meritless. Only because the court of appeals. like the district court before it, blindly assented to the State's request, can Tutton's conviction stand. Accordingly, Tutton respectfully requests this Court to grant this petition so that it may reverse the judgment of the court of appeals and remand this case to that Court for consideration of the merits of his appeal.

## <u>Prayer</u>

For the foregoing reasons, Tutton respectfully requests this Court grant this petition for discretionary review.

Respectfully submitted,

/s/ Bruce Anton
BRUCE ANTON
Bar Card No. 01274700
ba@sualaw.com

/s/ Brett Ordiway
BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road, Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)

*Counsel for Appellant*

## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Appellant's Petition for Discretionary Review was electronically served to the Ellis County District Attorney's Office and State Prosecuting Attorney on September 24, 2015.

> /s/ Bruce Anton
> Bruce Anton

## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(D) because this brief contains 1,765 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Century.

> /s/ Bruce Anton
> BRUCE ANTON

# APPENDIX



IN THE
TENTH COURT OF APPEALS
_____

No. 10-14-00360-CR

EX PARTE MICAH TUTTON

_____

From the 40th District Court
Ellis County, Texas
Trial Court No. 34649CR

## MEMORANDUM OPINION

In one issue, appellant, Micah Tutton, argues that the trial court abused its

discretion by denying his article 11.072 application for writ of habeas corpus based on a

finding that he was required to register as a sex offender as a result of his juvenile

adjudication in Johnson County, Texas. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West

Supp. 2014). We affirm.

### I. BACKGROUND

On February 18, 2010, Tutton was indicted in Ellis County, Texas, for failing to

comply with the sex-offender registration requirements. *See generally id*. art. 62.102 (West

Supp. 2014). Pursuant to a plea bargain with the State, Tutton pleaded guilty to the

charged offense and received a 730-day jail term and a $1,000 fine. However, the trial court suspended the prison sentence and placed Tutton on community supervision for a period of five years including installment payments of any fines and court costs as provided in the conditions of supervision. Orders modifying Tutton's community supervision were entered on September 13, 2010; May 11, 2011; and September 20, 2011.

On September 24, 2014, Tutton filed an article 11.072 application for writ of habeas corpus, asserting that: (1) he is innocent of the offense; (2) he received ineffective assistance of counsel at the time he entered into the plea bargain with the State; and (3) his plea was not knowingly and voluntarily made. Tutton argued that he had no duty to register as a sex offender because he completed a sex-offender treatment program, and because any duty to register stemming from Johnson County had been deferred.[1] In support of his application, Tutton included an affidavit, wherein he stated the following:

> I was charged with failure to register as a sex offender in Ellis County, Texas. The court appointed Charles Slaton to represent me. I met with Mr. Slaton twice, both times in court. He advised me that I did not stand a chance in trial and that it would be in my interest to accept a probated sentence. He never discussed any possible defenses. I told him that, in the back of my mind, I did not believe I was required to register, but I did not know exactly why and could not explain why. I knew I had completed the required treatment and that the juvenile matters had been deferred. Mr. Slaton, to my knowledge, did not follow up on the matter. Had I known

---

[1] Regarding Tutton's completion of the Pegasus sex-offender treatment program, the State argued in the trial court and on appeal that this requirement pertained to Tutton's conviction from Ellis County Court at Law Number Two, sitting as a juvenile court. The State further argued that Tutton's registration requirement stemmed from his Johnson County conviction, which resulted in Tutton being sentenced to the Texas Youth Commission ("TYC") for an indeterminate period of time and a deferral of the registration requirement until Tutton completed a TYC treatment program.

that I was not required to register, I would not have agreed to plead guilty, but would have contested the matter.

Tutton did not proffer any other evidence at that time, nor did Tutton's application refer to any other documents, exhibits, or attachments.

The State responded that Tutton had failed to carry his burden to show that he was not required to register as a sex offender and that Tutton was required to register at the time of his plea. The trial court denied Tutton's habeas-corpus application as frivolous without a hearing and made several findings of fact, including:

> The Court finds that Applicant failed to successfully complete the Texas Youth Commission's Sexual Behavior Treatment Program and is required to register as a sex offender due to his adjudication from Johnson County.

> The Court finds that the Johnson County order in Cause Number J04333 deferred the decision on requiring registration under Texas Code of Criminal Procedure article 62.352(b)(1) until Applicant completed treatment for his sexual offense as a condition of probation or while committed to the Texas Youth Commission and did not defer "until further order of the court."

> The Court finds that Applicant has failed to allege or prove any facts which, if true, would entitle him to relief; that there are no unresolved facts to be resolved; and that no hearing is necessary.

Shortly after the trial court's denial of the application, Tutton filed a "Supplemental Response and Unopposed Request for Rehearing" and filed additional documents "that need to be filed with the 11.072 Application for Writ of Habeas Corpus . . . ." Contrary to Tutton's assertion, the State objected to Tutton's request for a rehearing and argued that the newly-filed documents did not change the State's position

that Tutton was legally required to register as a sex offender. The trial court ultimately denied Tutton's rehearing request, and this appeal followed.

## II.    TUTTON'S HABEAS-CORPUS APPLICATION

In his sole issue on appeal, Tutton contends that the trial court abused its discretion in denying his habeas-corpus application. Specifically, Tutton argues that he was not required to register as a sex offender because the Texas Youth Commission, not Tutton, was required by rule to register Tutton as a sex offender, and because the Texas Youth Commission rule purportedly requiring it to register Tutton irreconcilably conflicts with the Code of Criminal Procedure.

## A.    Standard of Review

We review a habeas court's decision on an application for a writ of habeas corpus under an abuse-of-discretion standard. *Ex Parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). The applicant bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). We review the record evidence in the light most favorable to the habeas court's ruling, and we must uphold that ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *see Ex parte Rodriguez*, 378 S.W.3d 486, 489 (Tex. App.—San Antonio 2012, pet. ref'd). We give almost total deference to the trial court's findings that are "'based upon credibility and demeanor.'" *Ex parte Amezquita*,

223 S.W.3d 363, 367 (Tex. Crim. App. 2006) (quoting *Ex parte White*, 160 S.W.3d 46, 50

(Tex. Crim. App. 2004)).

> In habeas corpus proceedings, "[v]irtually every fact finding involves a credibility determination" and "the fact finder is the exclusive judge of the credibility of the witnesses." *Ex parte Mowbray*, 943 S.W.2d 461, 465 (Tex. Crim. App. 1996). In an article 11.072 habeas case, such as the one before us, the trial court is the sole finder of fact. *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011). "There is less leeway in an article 11.072 context to disregard the findings of the trial court" than there is in an article 11.07 habeas case, in which the Court of Criminal Appeals is the ultimate fact finder.

*Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). We must also defer

"not only to all implicit factual findings that the record will support in favor of a trial

court's ruling, 'but also to the drawing of reasonable inferences from the facts.'" *Amador*

*v. State*, 221 S.W.3d 666, 674-75 (Tex. Crim. App. 2007) (quoting *Kelly v. State*, 163 S.W.3d

722, 726 (Tex. Crim. App. 2005).

**B.     Discussion**

None of the arguments made by Tutton on appeal were made in his habeas-corpus

application.[2] To preserve error, Texas Rule of Appellate Procedure 33.1(a) requires the

complaining party to make a specific objection or complaint and obtain a ruling thereon

---

[2] Tutton's appellate complaints also do not comport with the arguments made in his "Supplemental Response and Unopposed Request for Rehearing." However, this is not central to this appeal because Tutton only challenges the trial court's denial of his habeas-corpus application, and the arguments made in his "Supplemental Response and Unopposed Request for Rehearing" were not before the trial court at the time the trial court denied Tutton's habeas-corpus application. *See Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002) ("Finally, an appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made.") (citing *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000)).

before the trial court. *See* TEX. R. APP. P. 33.1(a); *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Texas courts have held that points of error on appeal must correspond or comport with objections and arguments made at trial. *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999) ("[A]n objection stating one legal theory may not be used to support a different legal theory on appeal."); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Wright*, 154 S.W.3d at 241; *see Ex parte Tucker*, 977 S.W.2d 713, 715 (Tex. App.—Fort Worth 1998) (holding that the issue of excessive bond would not be addressed on appeal when it was not included in a habeas application that was the basis of the appeal), *pet. dism'd*, 3 S.W.3d 576 (Tex. Crim. App. 1999) (per curiam); *see also Landrum v. State*, No. 10-13-00281-CR, 2014 Tex. App. LEXIS 10194, at *17 (Tex. App.—Waco Sept. 11, 2014, pet. ref'd) (mem. op., not designated for publication) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial. Accordingly, because appellant's issue does not comport with the argument made at trial, this issue presents nothing for review . . . ." (internal citations omitted)). Because Tutton's appellate complaints do not comport with the arguments made in the trial court, we cannot say that Tutton has preserved his appellate complaints for our review. *See* TEX. R. APP. P. 33.1(a); *see also Wilson*, 71 S.W.3d at 349; *Dixon*, 2 S.W.3d at 273.

In any event, even if Tutton had preserved this issue for review, the record does not indicate that Tutton satisfied his burden of proving facts which would entitle him to habeas relief. In his application, Tutton provided only an affidavit in which he stated that he did not believe when he entered his guilty plea that he had to register as a sex offender. Besides his own speculation, Tutton does not refer to any exhibits or documents in his application. On the record as presented to the trial court, even including the exhibits that were allegedly left out of the original documents supporting the petition and presented to the habeas court with the request for rehearing, the trial court's finding that "the Applicant has failed to allege or prove any facts which, if true, would entitle him to relief" is the only finding upon which the judgment is necessarily based, and the only one required to support the judgment. Because the failure to register was allegedly based on the Johnson County judgment and his discharge from TYC, those documents were critical to a proper determination of the petition for writ of habeas corpus on the basis now argued by Tutton on appeal. Those documents do not appear in the habeas record. Further, it does not appear that Tutton focused on the Johnson County judgment and TYC discharge until appeal and, thus, Tutton presents an argument on appeal that was not presented to the habeas court; this explains why those documents are not part of the habeas record. The problem for Tutton is that without the documents that show the Johnson County adjudication and TYC discharge in the record, the habeas court was

constrained by the record to hold that Tutton had failed to allege facts, which, if true, would entitle him to relief.

Therefore, viewing the evidence in the light most favorable to the trial court's ruling, we cannot say that the trial court abused its discretion in denying Tutton's application.  *See Ex Parte Wheeler*, 203 S.W.3d at 324; *Kniatt*, 206 S.W.3d at 664; *see also Ex parte Rodriguez*, 378 S.W.3d at 489.  We overrule Tutton's sole issue on appeal.

## III.    CONCLUSION

Having overruled Tutton's sole issue on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed July 9, 2015
Do not publish
[CR25]

